UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC. et al,

    Plaintiffs,                                 Case No. 14-cv-13372
                                             Hon. Matthew F. Leitman

v.

DESIGN DEPOT CENTER, LLC et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER (ECF #12), VACATING ORDER TO SHOW CAUSE (ECF #13), DEEMING NON-RESPONDED TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT ADMITTED, AND DIRECTING PLAINTIFF TO FILE REQUEST WITH CLERK OF THE COURT FOR DEFAULT AGAINST DEFENDANT DESIGN DEPOT CENTER, LLC**

On August 29, 2014, Plaintiffs Coach Inc. and Coach Services, Inc. (collectively, "Coach") filed a multi-count Complaint against Defendants Design Depot Center, LLC ("Design Depot"), and Frank Bazzi ("Bazzi") (collectively, "Defendants"). (*See* the "Complaint," ECF #1.) On December 15, 2014, Bazzi purported to file an Answer to the Complaint. (*See* the "Answer," ECF #11.) The Answer, which appeared to be filed solely on Bazzi's behalf, was a copy of the Complaint on which Bazzi had handwritten the word "deny" next to paragraphs 75, 76, and 77. (*See id.*) The Answer did not respond to any of the other paragraphs of the Complaint. (*See id.*) Moreover, the Answer did not indicate, in any way, that it was filed on behalf of Defendant Design Depot.

1

On January 15, 2015, Coach filed a "Motion to Strike Defendants Frank Bazzi and Design Depot Center, LLC's Answer." (*See* the "Motion to Strike," ECF #12.) Defendants did not respond. On February 2, 2015, the Court entered an "Order to Show Cause Why the Court Should Not Deem Admitted the Paragraphs of the Complaint and/or Strike the Answer." (*See* the "Show Cause Order," ECF #13.) In the Show Cause Order, the Court required Defendants to "show cause, in writing, no later than 5:00 p.m. on February 16, 2015, why the Court should not deem admitted the paragraphs of the Complaint to which there has been no response filed and/or why the Court should not strike the Answer from the record for failing to comply with Federal Rule of Civil Procedure 8(b)." (*Id.* at 2, Pg. ID 84.) The Court also "strongly advise[d] Defendants to retain counsel and for counsel to file an appearance with the Court as soon as possible." (*Id.*)

Defendants have not filed any response to the Show Cause Order, and no counsel has filed an appearance on their behalf. Federal Rule of Civil Procedure 8(b)(6) states that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Here, a responsive pleading to Plaintiffs' Complaint is required, and Bazzi has not denied any allegation except for paragraphs 75, 76, 77 of the Complaint. Therefore, the Court will deem admitted all other allegations in the Complaint to which Bazzi has not tendered a response, except for those relating to

the amount of damages. The Court enters this relief in lieu of striking Bazzi's Answer, and it therefore denies the Motion to Strike

In addition, as described above, the Answer does not indicate that it was filed on behalf of Defendant Design Depot. On October 16, 2014, Design Depot executed a "Waiver of the Service of Summons" form. (*See* ECF #9.)[1] Design Depot therefore had until December 15, 2014, to answer or otherwise respond to the Complaint. It has done neither. It has also not responded to the Show Cause Order. Therefore, pursuant to Federal Rule of Civil Procedure 55(a) the Clerk of the Court shall enter a default against Design Depot. Plaintiffs are directed to file a request for default with the Clerk of the Court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike (ECF #12) is **DENIED**, the Order to Show Cause (ECF #13) is **VACATED**, Defendant Bazzi is deemed to have **ADMITTED** all allegations of the Complaint other than paragraphs 74, 75, and 76 and any allegations related to the amount of damages, and Plaintiffs are **DIRECTED** to file a request for default against Design Depot which the Clerk of the Court shall enter.

                                                                               s/Matthew F. Leitman
                                                                               MATTHEW F. LEITMAN
                                                                               UNITED STATES DISTRICT JUDGE

Dated: March 2, 2015

---

[1] On this form, Design Depot's representative wrote that the entity ceased to exist "prior to filing of suit" and that "[a]cceptance of summons does not renew entity." (*Id.*)

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 2, 2015, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (313) 234-5113